IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHELI D. MILAM SAMS**                                                **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 1:24-cv-337-LG-RPM**

**SAFECO INSURANCE COMPANY**
**OF ILLINOIS**                                                       **DEFENDANT**

### ORDER GRANTING IN PART AND DENYING IN PART
### [36] MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY

Defendant Safeco Insurance Company of Illinois ("Safeco") seeks to exclude or limit Plaintiff Sheli D. Milam Sams' designated experts, Dr. Charles Menendez and Dr. Bradley Sams (Plaintiff's husband). Plaintiff argues that they act as treating physicians. The Court determines that Dr. Menendez is a properly disclosed treating physician, and he shall be limited to the findings stated in his medical records. The Court excludes Dr. Sams as an expert because he is not a properly disclosed treating physician; he did not submit a written report, nor did he provide medical records from his treatment of Plaintiff.

### BACKGROUND

Plaintiff and Dr. Bradley Sams had Safeco Policy No. F335202 ("the Policy") that included underinsured motorists ("UIM") coverage. On February 13, 2021, Plaintiff was involved in an automobile accident in Colorado. The other driver, Semega Mahamadou, was at fault, and Mahamadou's vehicle had an Allstate policy. Mahamadou's Allstate policy had liability limits of $25,000 per person, and Allstate paid Plaintiff $25,000. Plaintiff's sole formal doctor's visit involved an x-ray in

2021.  Dr. Menendez interpreted the x-ray as showing a nondisplaced sternal fracture.  Dr. Sams provided treatment to Plaintiff over the course of her recovery.  The parties contest whether Plaintiff properly disclosed her designated experts as treating physicians.

## DISCUSSION

"The distinction between retained and non-retained experts should be interpreted in a common sense manner."  *Ferrara Land Mgmt. Miss., LLC v. Landmark Am. Ins.*, No. 1:19cv956-HSO-JCG, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021) (citation modified).  "A non-retained expert's testimony arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation."  *Id.* (citation modified).[1]  A treating physician's disclosure must state: "(i) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 704, and (ii) the facts and opinions to which the witness is expected to testify."  *Rea v. Wis. Coach Lines, Inc.*, No. 12–1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (citations omitted).

The disclosure requires an "abstract, abridgment, or compendium of the opinion *and* facts supporting the opinion."  *Id.* at *5 (citation modified).  The

---

[1] Conversely, a retained expert "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony[;]" the retained expert must provide a written report.  Fed. R. Civ. P. 26(a)(2)(B).

opinions must stem from the physician's treatment, rather than the physician's "scientific knowledge of conditions like the Plaintiff's." *Id.* (citation modified).

Plaintiff seeks to designate Dr. Menendez and Dr. Bradley Sams as treating physicians. As treating physicians, they are not required to submit a written report. *See MedArc, LLC v. Scott & White Health Plan*, 618 F. Supp. 3d 365, 374 (N.D. Tex. 2022) (citations omitted). If a treating physician does not provide a written report, "the physician's testimony will be 'limited to opinions acquired based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources.'" *Id.* at 374–75 (quoting *Claybrook v. Shemper Seafood Co., Inc.*, No. 1:16-CV-189-HSO-JCG, 2018 WL 8188227, at *2 (S.D. Miss. July 19, 2018)). However, "[i]f a treating physician's expected testimony – whether fact or opinion – is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B)." *Hammond v. Univ. of S. Miss.*, No. 2:18-CV-150-KS-MTP, 2019 WL 13293005, at *1 (S.D. Miss. May 16, 2019).

Plaintiff designates Dr. Menendez as a treating physician, so he was not required to provide a written report. *See MedArc, LLC*, 618 F. Supp. 3d at 374. But if a treating physician does not provide a written report, "the physician's testimony will be 'limited to opinions acquired based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources.'" *Id.* at 374–75 (quoting *Claybrook v. Shemper Seafood Co., Inc.*, No. 1:16-CV-189-HSO-JCG, 2018 WL 8188227, at *2 (S.D. Miss.

July 19, 2018)).  Dr. Menendez did not provide a written report, so any testimony he offers will be limited to be personal knowledge contained in his medical records and cannot come "from information acquired from outside sources."  *See MedArc, LLC*, 618 F. Supp. at 374 (citation omitted); *Hammond*, 2019 WL 13293005, at *1.[2]

In contrast to Dr. Menendez, Dr. Sams' disclosure as a treating physician does not satisfy Rule 26.  Plaintiff provided no medical records from Dr. Sams which contain his expected testimony, so "the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B)."  *See Hammond*, 2019 WL 13293005, at *1.  Plaintiff argues that Dr. Bradley provided a written report.  Pl.'s Mem. [46] at 7 (citing Pl.'s Resp. Ex. [45-4] (answers to Safeco's interrogatories); Pl.'s Resp. Ex. [45-5] (Rule 26(a)(2) Expert Testimony Disclosure in Colorado case)).  These exhibits are *not* written reports under Rule 26.  *See generally* Fed. R. Civ. P. 26(a)(2)(B).  A plaintiff must provide more information than the treating physician's "facts, data, and symptoms [he] observed in [his] patients during treatment."  *Hooks v. Nationwide Hous. Sys., LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016).  The Court finds Plaintiff did not satisfy Rule 26's treating physician disclosure standard for Dr. Sams.

---

[2] Safeco argues that Dr. Menendez did not state any opinion to a reasonable degree of medical certainty, so his testimony should be excluded and cites *Savage v. Pilot Travel Ctrs.*, LLC, No. 3:10CV208TSL–FKB, 2011 WL 2135682, at *2 (S.D. Miss. May 19, 2011), *aff'd sub nom. Savage v. Pilot Travel Ctrs., L.L.C.*, 464 F.App'x 288 (5th Cir. 2012).  Having considered Safeco's arguments, the Court determines that Dr. Menendez may offer testimony as an expert, but his testimony is limited.  *See MedArc, LLC*, 618 F. Supp. at 374 (citation omitted).

Alternatively, the Court determines that Dr. Sams admitted that he rendered no formal medical treatment to Plaintiff, *see* Pl.'s Resp. Ex. [45-8] at 26; this admission takes Dr. Sams outside the scope of testifying as a treating physician, so he cannot satisfy Rule 26(a)(2)(C).  *See Ferrara Land Mgmt. Miss., LLC*, 2021 WL 4819461, at *2.

"Failure to properly disclose an expected expert's testimony is grounds for prohibiting introduction of that evidence at trial."  *Hammond*, 2019 WL 13293005, at *2 (citation modified).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  A court considers four factors when determining whether to strike an expert: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order."  *Hammond*, 2019 WL 13293005, at *2 (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).

The Court finds the first factor dispositive; because Dr. Sams did not render formal medical treatment to Plaintiff, his alleged expert testimony is not important.  *See id.* (quoting *Sierra Club, Lone Star Chapter*, 73 F.3d at 572); Pl.'s Resp. Ex. [45-

8] at 26.  Therefore, the Court determines that Dr. Sams should be excluded as an expert.

**CONCLUSION[3]**

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Safeco Insurance Company of Illinois' [36] Motion to Exclude or Limit Expert Testimony is **GRANTED IN PART** and **DENIED IN PART**.  Dr. Menendez may testify as a treating physician, limited to the scope of his medical records.  Dr. Sams cannot testify as an expert.[4]

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] To the extent the parties raise other arguments, the Court has considered them and determined they would not alter the result.
[4] While Dr. Sams is precluded from presenting expert testimony or opinions, there is nothing that prevents him from providing lay testimony and opinions.