## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**SHELI D. MILAM SAMS**                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.: 1:24-cv-337-LG-RPM**

**SAFECO INSURANCE COMPANY**
**OF ILLINOIS**                                                           **DEFENDANT**

### ORDER GRANTING [38] SECOND MOTION
### FOR PARTIAL SUMMARY JUDGMENT

Defendant Safeco Insurance Company of Illinois ("Safeco") seeks partial

summary judgment for Plaintiff Sheli D. Milam Sams' claims.  Because Plaintiff did

not provide contradictory facts, there is no genuine dispute of material facts.  The

Court grants this [38] Second Motion for Partial Summary Judgment and limits

Plaintiff's claims to those occurring in the year 2021.

### BACKGROUND

Plaintiff and Dr. Bradley Sams had Safeco Policy No. F335202 ("the Policy")

that included underinsured motorists ("UIM") coverage, which had a stacked limit

of $600,000.  On February 13, 2021, Plaintiff was involved in an automobile

accident in Colorado.  The other driver, Semega Mahamadou, was at fault, and

Mahamadou's vehicle had an Allstate policy.  Mahamadou's Allstate policy had

liability limits of $25,000 per person and $50,000 per accident.  Allstate paid

Plaintiff $25,000.

Plaintiff's sole formal doctor's visit involved an x-ray in 2021.  Dr. Menedez

interpreted the x-ray as showing a nondisplaced sternal fracture.  Her other

conversations with doctors occurred as "informal discussions . . . in the doctor's lounge." Pl.'s Resp. Ex. [43-2] at 23. In her deposition, Plaintiff admitted that her pain resolved within a few months after the February 2021 accident.

Safeco seeks partial summary judgment for any claims "based on post-2021 continuing injuries or problems or future medical treatment and expenses as well as future pain and suffering; incidental damages for mileage; and the costs of over-the counter medications and other expenses incurred to treat and/or accommodate injuries." Def.'s Mot. [38] at 1. Plaintiff concedes that she will not seek "damages for past or future medical expenses, future pain and suffering, and incidental economic damages[.]" Pl.'s Resp. Mem. [44] at 4. Therefore, the only contested issue remaining is whether Plaintiff may seek *past* non-economic damages after the year 2021.

## DISCUSSION

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must "demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citation modified).  Safeco argues there is no dispute of material fact that Plaintiff's alleged pain resolved soon after the February 2021 accident.  Safeco identifies the following facts to show Plaintiff's pain resolved by the end of 2021: Plaintiff received minimal medical treatments for injuries allegedly sustained in the wreck; Plaintiff's sole doctor visit for an x-ray occurred in February 2021; Plaintiff admitted her pain resolved within a few months of the February 2021 accident; no medical records have been produced by the treating physicians apart from the x-ray; Plaintiff admitted her last discussion with a physician (apart from her husband), occurred in 2021; Plaintiff maintained a regular work schedule since the accident; and Plaintiff does not anticipate any future treatment.  *See* Def.'s Mem. [39] at 2–3 (citing Def.'s Mot. Ex. [33-7] at 2–3, 5; Def.'s Mot. Ex. [38-1] at 6–9; Def.'s Mot. Ex. [38-3]).  The Court finds that Safeco satisfied its burden that there is an "absence of a genuine issue of material fact" that Plaintiff's pain resolved by the end of the year 2021.  *See Little*, 37 F.3d at 1075.

When the movant satisfies the burden, the burden shifts to the nonmoving party, who must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (citation modified).  Also, the nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Est. of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).  *See Giles v. Univ. of Miss. ex rel. Khayat*, No. CIV.A.3:99CV125–P–A, 2000 WL 33907681, at *2 (N.D.

Miss. Aug. 29, 2000) ("In other words, the nonmoving litigant is required to bring forward significant probative evidence demonstrating the existence of a triable issue of fact." (citation modified)).  A court favors the nonmovant for factual controversies when reviewing the evidence "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.

A party arguing that a genuine dispute of material fact exists must "cit[e] to *particular parts of materials in the record*, including depositions[.]"  Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).  "The court need consider only the cited materials[.]"  Fed. R. Civ. P. 56(c)(3).  "[T]he Court is under no 'duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"  *Edwards Fam. P'ship, LP v. BancorpSouth Bank*, 236 F. Supp. 3d 964, 968 (S.D. Miss. 2017) (quoting *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010)).

Here, the *only* fact Plaintiff presents in opposition is as follows: "Dr. Milam Sams has testified as to her pain and mental anguish sufficiently for a jury to determine the value of such."  Pl.'s Resp. Mem. [44] at 7 (citing generally Pl.'s Resp. Ex. [43-2]).  This exhibit is Plaintiff's own deposition.  It is forty-eight pages long, with approximately thirty-four pages of substantive content.  This Court has no "duty to sift through the record in search of evidence to support" Plaintiff's position.  *See Edwards Fam. P'ship, LP*, 236 F. Supp. 3d at 968 (citation modified).  Nor does this fact address Safeco's main contention that Plaintiff's claims for non-economic should be limited to those occurring *in 2021*.  *See* Fed. R. Civ. P. 56(e) ("If a

party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may" accept fact as undisputed.); *Celotex Corp.*, 477 U.S. at 324 (Plaintiff must "designate specific facts showing that there is a genuine issue for trial." (citation modified)); *Little*, 37 F.3d at 1075 (Court favors nonmovant only where nonmovant submits "evidence of contradictory facts[.]").

Aside from not providing particular facts, Plaintiff's brief contains incomplete sentences and incomplete case citations.  See Pl.'s Resp. Mem. [44] at 4–5; *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *see also Crawford v. Caddo Par. Coroner's Off.*, No. 17-01509, 2019 WL 1413006, at *11 (W.D. La. Mar. 28, 2019) (A "brief contain[ing] a confusingly incomplete sentence . . . .  leaves the Court to guess upon what [party's] . . . assertions are based[.]").  The Court declines to sift the record in support of Plaintiff's argument.  *See Edwards Fam. P'ship, LP*, 236 F. Supp. 3d at 968.  Plaintiff did not satisfy her burden to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial[,]"consequently the Court grants Safeco's partial summary judgment motion.  *See Celotex Corp.*, 477 U.S. at 324 (citation modified).

## CONCLUSION

To the extent the parties raise other arguments, the Court determines they would not change the result.  Because Safeco met its burden for summary judgment, and Plaintiff did not meet her burden to present a genuine dispute of material fact,

-6-

the Court grants partial summary judgment in favor of Safeco.  Plaintiff may not present claims nor alleged damages incurred after the year 2021.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Safeco Insurance Company of Illinois' [38] Second Motion for Partial Summary Judgment is hereby **GRANTED**.  Plaintiff Sheli D. Milam Sams' claims and damages shall be limited to those occurring in the year 2021.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE